

**NANCY A. DEL PIZZO**
Partner
(201) 287-2472
nancy.delpizzo@rivkin.com

WWW.RIVKINRADLER.COM

25 Main Street, Court Plaza North
Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

August 10, 2021

**VIA ECF**
Hon. Andrew L. Carter, Jr., U.S.D.J.
United States District Court for the
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 435
New York, New York 10007

      Re:    <u>*Alexis Hunley et al. v. BuzzFeed, Inc., 1:20-cv-08844 (ALC)(KHP)*</u>

Dear Judge Carter:

      On behalf of defendant, BuzzFeed, Inc. ("BuzzFeed"), we write to object to the relief requested by plaintiffs by letter of August 5, 2021, which they filed without leave. (*see* D.E. 43). Plaintiffs apparently seek to have this Court rely upon a recent unreported/unpublished decision of another District Judge in the Southern District of New York, on a fact-based motion between non parties – *Nicklen v. Sinclair Broadcast Grp., Inc.*, No. 20-cv-10300, 2021 WL 3239510 (S.D.N.Y. July 30, 2021) – when it rules on BuzzFeed's pending motion.[1] The unreported *Nicklen* decision is non precedential and does not undermine the arguments BuzzFeed made in the fully briefed motion before this Court. *See Leber v. Citigroup 401(k) Plan Investment Committee*, 323 F.R.D. 145, 155 (S.D.N.Y. 2017)(unpublished case is "non-precedential").

      The legal issue addressed in *Nicklen*, i.e., the application of the "server" test as a basis for dismissing plaintiffs' infringement claims where plaintiffs allege the work was "embedded" (as they've done here), has <u>not</u> yet been decided by the Second Circuit, which BuzzFeed noted in its briefing on the pending motion. Respectfully, we submit the better and correct interpretation, and to which BuzzFeed believes the Second Circuit would agree, are the holdings from the Ninth Circuit and the Seventh Circuit – and their progeny (including reported decisions in the S.D.N.Y.). *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1160 (9th Cir. 2007) (applying server test to dismiss claims against defendant that embedded content from social media); *FlavaWorks, Inc. v. Gunter*, 689 F.3d 754, 756 (7th Cir. 2012) (embedding is not infringement); *Pearson Educ., Inc. v. Ishayev*, 963 F.Supp.2d 239 (S.D.N.Y. 2013) (hyperlinks are not infringement); *Capitol Records, LLC v. ReDigi Inc.*, 934 F.Supp.2d 640, 652 (S.D.N.Y. 2013) (infringement dependent on where work is "hosted"), *aff'd*, 910 F.3d 649 (2d Cir. 2018), *cert. denied*, 139 S.Ct. 2760 (2019).

---

[1] The fully briefed pending motion seeks to dismiss all claims under FRCP 12(b), and in the alternative, to strike certain allegations per FRCP 12(f) and sever the parties under FRCP 21, 20(a), and granting attorneys' fees and costs under 17 U.S.C. § 505. (*see* D.E. 34).

66 South Pearl Street
Albany, NY 12207-1534
T 518.462.3000 F 518.462.4199

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333



These cases are set out in BuzzFeed's briefs. Significantly, the unpublished opinion plaintiffs seek to rely on now, *Nicklen,* does not counter the clear weight of authority to the contrary.

The "server" test considers where plaintiffs have reproduced their images (on social media) and where that image remains when embedded (on the social media site's server). In other words, whether as a result of the "server" test (or by the doctrines of implied or actual license, which also is addressed in BuzzFeed's motion papers), when plaintiffs (as plaintiffs did here) willingly reproduce their image on a public social media site intended for sharing photographs by openly and visibly on plaintiffs' social media page providing viewers with links for sharing those photographs (embedding technology), and a defendant does what plaintiffs intended viewers to do (share their photographs using the provided embedding technology), plaintiffs cannot sustain a viable copyright infringement lawsuit, and such claims must be dismissed.

Also, the *Nicklen* Court declined to adopt the Ninth Circuit, partly on the basis that it found that the Ninth Circuit in *Perfect 10* is confined to two facts specific to that case (defendant operated a search engine and the images were displayed only if a user clicked on a link). But not only did the Ninth Circuit not narrow its decision to those two facts, its progeny, which the Court in *Nicklen* did not address, demonstrates the "server" test is widely applied to when a plaintiff posts on social media where embedding is provided to all viewers. *See id*.

Further, the "server" test is aligned with the large body of case law holding that because the copyright act is not extraterritorial, if an alleged infringed photograph is on a server outside the U.S., there is no copyright infringement in the U.S. just because the photograph can be viewed on the internet in the U.S. *See, e.g., State St. Glob. Advisors Tr. Co. v Visbal*, 431 F.Supp.3d 322, 340 (S.D.N.Y. 2020) (no infringement where there is no logical inference that images posted by Australian company used servers in the U.S.); *Perfect 10, Inc. v. Yandex N.V.*, 962 F.Supp.2d 1146, 1153 (N.D. Cal. 2013), *as amended*, (Sept. 6, 2013) (rejecting the claim that when images are hosted on servers in Russia, it violates the "exclusive display right" because users in the U.S. could download them); *McBee v. Delica Co.*, 417 F.3d 107 (1st Cir. 2005) (visibility in the U.S. of website hosted and managed overseas does not constitute "domestic conduct" in the U.S.); *see also Richardson v. Complex Media, Inc.*, No.: 20-cv-6201, 2021 WL 230192 (S.D.N.Y. Jan. 22, 2021) (J. Rakoff ) (where plaintiff had argued that "display" right was infringed in the U.S. and Court demonstrated what was key is the location of the server, and declined to dismiss because plaintiff alleged that server was located in the U.S. though the post was on a United Kingdom Instagram page, noting that, "It is not enough that a copyrighted work is made available to online users in the United States").

Plaintiffs are responsible for the decisions they make about their works. Where they do as they have done here and willingly post their images on a public social media site that openly provides links for sharing the works by way of, for example, copying via email, copying and



displaying via links, and displaying through embedding, etc., they cannot then be permitted to sustain lawsuits against those who do just that.

BuzzFeed respectfully maintains, as briefed on the pending motion, that plaintiffs' claims must be dismissed.

We thank the Court for its time and consideration.

                                                    Respectfully submitted,

                                                    RIVKIN RADLER LLP

                                                    <u>s/ Nancy A. Del Pizzo</u>

                                                    Nancy A. Del Pizzo

c: Counsel of Record (via ECF)