

**NANCY A. DEL PIZZO**
Partner
(201) 287-2472
nancy.delpizzo@rivkin.com

WWW.RIVKINRADLER.COM
25 Main Street, Court Plaza North
Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

February 9, 2022

**VIA ECF**
Hon. Katharine H. Parker, U.S.M.J.
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse, Courtroom 17D
500 Pearl Street
New York, New York 10007

    Re:    *Alexis Hunley et al. v. BuzzFeed, Inc.*, 1:20-cv-08844 (ALC)(KHP)

Dear Magistrate Judge Parker:

    We represent defendant, BuzzFeed, Inc. ("BuzzFeed") and file this letter motion pursuant to L.R. 37.2 and paragraph II.c. of Your Honor's Individual Practices in Civil Cases to raise a discovery dispute and request a conference with the Court.

    We received initial written responses from plaintiff, Alexis Hunley ("Plaintiff") on January 11, 2022. On January 24, 2022, BuzzFeed served Plaintiff with a 15-page deficiency letter outlining voluminous deficiencies, including failure to assert whether documents would be withheld and failure to provide responses to interrogatories and asking for potential dates to meet and confer. After hours on January 25, 2022, Plaintiff sent an email response, failing to provide dates to meet and confer. BuzzFeed sent a letter on January 26, 2022, addressing the email and once again asking for dates to meet and confer. During a telephonic meet and confer on other issues, we raised in part Plaintiff's deficiencies and again asked for a time to meet and confer. On January 28, 2022, Plaintiff served amended responses to BuzzFeed's document requests, which remained largely deficient. By letter of February 2, 2022, BuzzFeed served a second letter noting the voluminous deficiencies in Plaintiff's amended responses to document requests, again asking for dates to meet and confer.[1] A telephonic meet and confer took place on Monday, February 7, 2022. Shortly in advance of that call, Plaintiff served supplemental responses to Interrogatories. During the telephonic meet and confer, the Parties were able to resolve some of the disputes, including with counsel confirming that certain requested documents previously represented as withheld did not exist.

    The crux of the remaining dispute involves BuzzFeed's requests for documents related to allegations in the Amended Complaint, and interrogatories she refuses to answer. Plaintiff's counsel represents the requested documents exist, but that Plaintiff is not required to produce them because BuzzFeed "can depose Plaintiff on those allegations."[2] This is absurd. Plaintiff is not permitted to withhold documents related to the facts she alleged in her complaint and be permitted to rely on them, e.g., have the jury hear her unsupported conclusory allegations. BuzzFeed is

---

[1] BuzzFeed served a third deficiency letter on February 7, 2022 after receiving Plaintiff's responses to requests for admissions and responses to supplemental document requests.
[2] During the meet and confer, counsel first said the allegations are irrelevant, and we noted that on that basis, BuzzFeed moved to strike many of these allegations under FRCP 12(f) and Plaintiff objected. We then asked Plaintiff to withdraw those allegations, and Plaintiff refused.

| 66 South Pearl Street | 477 Madison Avenue | 2649 South Road | 926 RXR Plaza |
| Albany, NY 12207-1534 | New York, NY 10022-5843 | Poughkeepsie, NY 12601-6843 | Uniondale, NY 11556-0926 |
| T 518.462.3000 F 518.462.4199 | T 212.455.9555 F 212.687.9044 | T 845.473.8100 F 845.473.8777 | T 516.357.3000 F 516.357.3333 |



entitled to this discovery in advance of her deposition, or Plaintiff must withdraw those allegations. These include request numbers 11, 23-29, 30, 31, 33 and interrogatories 6-7. (See **Ex. A and B**, relevant portions of the requests and interrogatories and Plaintiff's amended responses to same).

**Request 11:** This request seeks documents related to Plaintiff's conclusory allegation in the Amended Complaint that she is a "professional photographer" and that she has "respective skills …and training and expertise." Plaintiff's response to the request is that she would "consider" producing if the request is "narrowly tailored," but it is directly related to her own allegation. On the meet and confer, Plaintiff argues that she produced invoices and that testimony will support this allegation. BuzzFeed is entitled to documents related to Plaintiff's allegation about her skill and training, if it exists, and is not required to rely on Plaintiff's conclusory testimony.

**Request 23 and 24**: These regard Plaintiff's allegations that her photography work constitutes a "meaningful portion" of her income. As to **23**, Plaintiff answered that she would produce documents. On the meet and confer, we asked Plaintiff to identify which documents relate to this request as we could not identify them. Counsel then said Plaintiff refused to produce any. As to **24**, she just refused to produce them.

**Request 25**: Plaintiff's counsel argued that Plaintiff is entitled to tell the jury that she and her family are immunocompromised, and therefore, she put her life in danger when she decided to take photographs at protests because "BuzzFeed lost its motion to strike those claims,"[3] but that Plaintiff is not required to produce any documents to support her conclusory allegations because those documents are protected under the Health Insurance Portability and Accountability Act (HIPAA) and "this is not a medical case." Plainly, if documents exist that are related to Plaintiff's allegations in the Amended Complaint, and she intends to rely on those allegations, BuzzFeed is entitled to discover the documents and in advance of her deposition.

**Request 26**: We asked for documents Hunley intends to rely on to support her allegation that her genetic predisposition supports her claim of copyright infringement. Apparently, Plaintiff has such documents and says they are not relevant. But she refuses to produce them or withdraw the allegation.

**Request 27**: In paragraphs 60-66 of her Amended Complaint (**D.E. 31**), Plaintiff makes a series of allegations (not on information and belief) regarding BuzzFeed. BuzzFeed seeks documents relevant to those allegations. Counsel stated that Plaintiff is not required to produce them because those documents are "work product" and "publicly available." Not only are no such documents on Plaintiff's barebones privilege log, but they are also not privileged to the extent Plaintiff plans to rely on them. BuzzFeed is entitled to the discovery.

---

[3] Plaintiff apparently does not understand the difference between a R. 12(f) motion and inadmissibility at trial. Nonetheless, Plaintiff is not entitled to withhold documents that exist that are relevant to her allegations.



**Request 28**: Plaintiff alleges a series of purported "judgments" against BuzzFeed. We asked for documents to support that they are judgments on the merits. Plaintiff refused to produce documents.

**Request 29**: Plaintiff alleges that one case is evidence of BuzzFeed's "pattern of willfulness" and thus, willfulness here. Plaintiff first refused to produce documents, later claimed they were privileged and failed to include them on a privilege log. If Plaintiff intends to rely on them, she needs to produce them.

**Request 30**: This request seeks documents related to Plaintiff's conclusory allegation that she is a professional photographer, and that photography represents a substantial portion of her income in that it asks for documents regarding professional equipment. BuzzFeed is entitled to such documents related to her equipment. She refused to produce them.

**Request 31**: Plaintiff makes a conclusory assertion in her Amended Complaint regarding "due diligence" of a photographer. BuzzFeed asked for documents to support that Plaintiff is not required to perform any due diligence. Plaintiff refused to produce them.

**Request 33**: This seeks documents sufficient to show that Instagram is contributorily liable for the alleged copyright infringement. The basis is that there is no dispute that the image ever left Instagram's server (e.g., it was never on BuzzFeed's server). Plaintiff asserted a variety of privileges and refused to produce documents but did not include any on a privilege log.

If Plaintiff intends to assert any of the conclusory allegations in her Amended Complaint at trial, and has documents related to them, or intends to rely on documents she has thus far refused to produce, then she must produce those documents in discovery – before her deposition. Alternatively, Plaintiff is required to withdraw those allegations, be precluded from presenting them to the jury and/or suffer the consequence of an adverse inference at trial.

**Interrogatories 6-7**: Plaintiff refuses to answer (6) where, when, by whom and for what license the photograph was first published, and (7) where and when she first posted it on social media. BuzzFeed repeatedly asked Plaintiff to provide a sworn response so there is no lack of clarity as documents and counsel emails were contradictory. This information is within the scope of L.R. 33.3 as it is relevant to Plaintiff's claim, potential statutory damages, and her having authorized the wrong she alleges. Plaintiff's argument that she need not provide this information until at least thirty days prior to the discovery cutoff date is belied by the fact that the current fact discovery end date is fewer than thirty days away.

We thank the Court for its time and consideration.

Respectfully submitted,
*s/ Nancy A. Del Pizzo*