```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
  ALEXIS HUNLEY et al,
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/10/2022

Plaintiffs,

-against-

BUZZFEED, INC.,

Defendant.

-----------------------------------------------------------------X

**ORDER**

20-CV-8844 (ALC)(KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

A case management conference was held on February 10, 2022, where the Court discussed outstanding discovery motions.

Plaintiff's Motion, filed at ECF No. 70, requesting a conference to address 30(b)(6) disputes is moot given the Court's rulings today. For clarity, the Court references the "buckets" as referred to in that letter motion:

(1) With regards to Bucket 1 "Deposition Topic H and Request No. 44," Defendant is ordered to produce a sample of 100 photo licensing agreements from Defendant's U.S. companies, within the 60-day period agreed to by the parties. Defendant may redact the name of the photographer. These agreements are subject to the existing Protective Order.

(2) With regards to Bucket 2 "Topic P and Requests 2, 11, 12," the Court determined that Plaintiff's request is not relevant nor proportional to the claims in this case.

(3) With regards to Bucket 3 "Topic R and Requests 38, 39, and 40," the Court determined that this request is not specific enough. Rather, Plaintiff will be

permitted to inquire at a 30(b)(6) deposition about the copyright compliance procedures in place during the relevant time period and whether there was any audit during this time period that resulted in a large number of photographs being deleted at one time because of copyright concerns.

(4) For Bucket 4 "Topic S," the Court determined that Plaintiff could inquire at a 30(b)(6) deposition if the Defendant has any policy or procedure surrounding the use of photos from Instagram, and if so, what was that policy.

(5) For Bucket 5 "Request 16 through 20," Defendant produced all the relevant documents on this issue. Accordingly, this is moot. Plaintiff can ask a deposition witness about this.

(6) Lastly, for Bucket 6 "Request 31" the Court found this request was not proportional to the needs of the case.

Additionally, the Court ordered that the 30(b)(6) witness should be scheduled by March 14, 2022.

In regards to Defendant's motion filed at ECF No. 65, the Court has deferred deciding on this issue. The Court encourages the parties to work toward a stipulated resolution.

Additionally, the fact discovery deadline is extended to April 11, 2022.

Finally, the parties are required to send a joint status letter by March 14, 2022.

SO ORDERED.

Dated: February 10, 2022

2

New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge