

Attorneys:
Phillip J. Duncan*
James H. Bartolomei III***
Richard L. Quintus**
Wm. Rob Pointer*
Timothy P. Reed*
J. Reid Byrd*

*Licensed in AR
**Licensed in AR & FL
***Licensed in AR, CA, NY, FL, CT, & DC

Case Manager:
Wayne Duncan

809 West Third Street
Little Rock, AR 72201

Phone: 501-228-7600
Toll Free: 877-6-DUNCAN
Fax: 501-228-0415

www.DuncanFirm.com

February 14, 2022

**Via Email ECF**

Honorable Katharine H. Parker
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007-1312

Re:   Alexis Hunley v. Buzzfeed, Inc., Case 1:20-cv-08844-AC-HKP

Dear Judge Parker:

    Plaintiff files this response letter to Defendant BuzzFeed Inc.'s ("BuzzFeed") allegations of Plaintiff's discovery deficiencies in its letter dated 2/9/22. See Dkt. 74.

    Plaintiff and BuzzFeed have exchanged several emails and letters regarding certain of 50 requests for admissions, over 100 requests for production, and a handful of interrogatories propounded by BuzzFeed in this case. On 2/7/22 at 1pm, the parties conducted a 90-minute meet and confer conference call regarding BuzzFeed's alleged disputes. Plaintiff has made a good faith effort to produce all relevant and responsive documents, including overproducing certain documents, such as every licensing fee she has earned in her young career.

    Unfortunately, Plaintiff believes BuzzFeed is attempting to put Plaintiff's lawyers on trial at every opportunity, and convert nearly every good faith disagreement into accusations of misrepresentations. The Court heard BuzzFeed's arguments last week, with BuzzFeed attempting to limit its own discovery obligations, including lodging a baseless, unripe accusation that Plaintiff's lawyers could, at some future date, misuse documents shared under a protective order. These are not isolated incidents. BuzzFeed's discovery has been harassing and duplicative, requiring Plaintiff to respond to over 100 requests, a 15-page letter of alleged deficiencies, and numerous requests that simply parrot dozens of paragraphs in the Amended Complaint which are legal allegations, not Plaintiff's sworn testimony.  Plaintiff has avoided seeking a protective order, but instead respectfully objects to BuzzFeed's tactics and requests that the Court remind BuzzFeed to litigate the merits of the case and in proportion to what is in dispute.  BuzzFeed should be held to the same or similar discovery limitations that limited Plaintiff's discovery. Plaintiff is a relatively young, freelance photojournalist and photographer – albeit one with an increasingly impressive list of credits, including assignments for Apple, Best Buy, Dockers, NY

1

Times, Time, Financial Times and numerous other legacy media outlets.[1] She has less than 5 years of professional experience, as compared to the billion dollar, publicly traded BuzzFeed.

**Request 11, 23 and 24:** Plaintiff has produced what she believes are all (not just a small sampling like BuzzFeed is now required to produce) documents that show invoices and related licensing fees she has earned in her relatively short career. Plaintiff's deposition testimony coupled with those licensing fees (several hundred pages of documents) will support the allegation that she is a professional photographer. She cannot be required to produce documents <u>not</u> in her possession. BuzzFeed itself has labeled Plaintiff a "photojournalist" in the Post in question where it "celebrated" 17 black photojournalists, noting how important their work was. Further, anything beyond what Plaintiff has already produced pursuant to these Requests at this point is out of proportion to this case, harassing, and unduly burdensome. Plaintiff cannot produce documents that do not exist or that she does not control or have possession of. The parties have already agreed that Plaintiff's deposition will be taken. A deposition is likely to moot these disputed Requests.

**Requests 25 and 26:** BuzzFeed admits that the George Floyd Protests occurred during the late spring of 2020 and the COVID-19 pandemic. Plaintiff will testify that the Protests were important to her as a professional photographer despite a health condition that made it risky for her (and any follow up exposure to her family) to be in crowded spaces and exposure to the virus. This is the indisputable context in which the Photo in question was captured. Plaintiff objects to these health-related requests as they are wholly out of proportion to this case, unduly burdensome and not critical to BuzzFeed's defense. Plaintiff's health condition is not on trial. Plaintiff's health (and what facts are admitted about the Photo) may be better suited for a motion *in limine* after BuzzFeed takes Plaintiff's deposition. A deposition is likely to moot these disputed Requests.

**Request 27:** This request references allegations, drafted by Plaintiff's lawyers based on work product in the Amended Complaint which quote or summarize BuzzFeed's website, offer statistics about BuzzFeed found on public documents, and characterize BuzzFeed's "news" product. These legal and factual allegations were generated from a theory that BuzzFeed is a "click bait" media publisher that regularly uses lists (or a "listicle," a pejorative term for content that purports to give the viewer a truncated version of the contents of a traditional magazine article in the form of a list embedded with photographs with no commentary other than "look at these powerful photos!") to drive revenue without paying licensing fees to photographers. Paragraphs 60-66 of the Amended Complaint do not yield responsive documents in Plaintiff's possession or control or kept in the ordinary course of business. Further, due to privilege objections, Plaintiff cannot agree to have her lawyers produce their legal file or work product. As would be expected, Plaintiff never possessed these BuzzFeed documents.

**Request 28:** Plaintiff cannot produce what is not her in possession or control. As BuzzFeed itself has reminded this Court, BuzzFeed's judgments would be on the public docket.

**Request 29:** Plaintiff has produced everything in her possession and control that might speak to this Request. Evidence (both direct and circumstantial) of "willfulness" for statutory damages

---

[1] https://www.alexishunley.com/CLIENT-WORK/thumbs

2

will be derived from documents and testimony provided by BuzzFeed. Plaintiff cannot produce what is not her in possession or control.

**Request 30:** See above to **Request 11, 23 and 24.**  Further, anything more than what Plaintiff has already produced responsive to these Requests is out of proportion to this case and unduly burdensome. Plaintiff has consistently responded that receipts for her camera, postproduction equipment and software, lighting etc. are not relevant or proportional to any claim or defense in this case. To date, BuzzFeed cannot articulate a basis for making such a broad and irrelevant Request or how it supports its defense.

**Request 31:** This Request calls for a legal conclusion. It also references allegations in the Amended Complaint, drafted by Plaintiff's lawyers based on work product, which allege that, BuzzFeed (through counsel) publicly cautioned photographers for not absorbing and appreciating Instagram's Terms of Use and Platform Policy. Ironically, it was BuzzFeed who failed to obtain permission from Plaintiff in violation of BuzzFeed's own policies, Instagram's policies and the law. Ultimately, Plaintiff is an Instagram user, just like BuzzFeed is, and any obligations related to the use of Instagram can be asked in a deposition.

**Request 33:** This Request calls for a legal conclusion about a non-party to this case, Instagram.

**Interrogatories 6 and 7:** These two questions are outside the scope of Local Rule 33.3. First, Plaintiff produced all licensing documents, including email communications with the Financial Times regarding the licensing of the Photo at issue that show the information responsive to these questions.

      Critically, Plaintiff believes she has been unfairly prejudiced throughout the discovery process in that BuzzFeed has repeatedly and without any basis, mispresented to the Court that statutory damages are not available to Plaintiff.  Plaintiff has clearly alleged this since she filed case. This likely caused the Court to echo BuzzFeed's position as to the availability if statutory damages at the case management/discovery conference on 2/10/22.  The Photo in question was captured on or about May 27, 2020. Plaintiff licensed it to the Financial Times on or about June 2, 2020. BuzzFeed willfully infringed the Photo on June 3, 2020.  Plaintiff registered the Photo with the US copyright office as published, with an effective registration date of June 17, 2020, well within three months of the first publication and BuzzFeed's infringement, making statutory damages, costs and attorney's fees available to her if she prevails. The parties have already agreed that Plaintiff's deposition will be taken. If BuzzFeed does not have the answers to these questions after the deposition and based on responsive documents to requests for production, Rule 33.3 is clear that only then may BuzzFeed propound this type of interrogatory to Plaintiff. The issue in dispute is not ripe.

      Thank you for the Court's consideration.

                                  Sincerely,
                                  /s/ James Bartolomei
                                  James Bartolomei

                                  Attorneys for Plaintiff Hunley