

**NANCY A. DEL PIZZO**
Partner
(201) 287-2472
nancy.delpizzo@rivkin.com

WWW.RIVKINRADLER.COM

25 Main Street, Court Plaza North
Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

February 25, 2022

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/28/22
```

<u>VIA ECF</u>
Hon. Katharine H. Parker, U.S.M.J.
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse, Courtroom 17D
500 Pearl Street
New York, New York 10007

      Re:    *Alexis Hunley et al. v. BuzzFeed, Inc., 1:20-cv-08844 (ALC)(KHP)*

Dear Magistrate Judge Parker:

    We represent defendant, BuzzFeed, Inc. ("BuzzFeed") in the above-referenced action. On behalf of BuzzFeed, we write pursuant to Federal Rule of Civil Procedure 5.2(e), Rule III(d) of your Honor's Individual Practices in Civil Cases, and the parties' Stipulation and Protective Order (the "Protective Order") to request that certain excerpts contained in Document Number 78, the transcript of the parties' appearance before Your Honor on February 10, 2022, be redacted and filed under seal. BuzzFeed respectfully request that before the transcript is made publicly available, the court reporter be directed to redact the passages highlighted on pages 7, 8, 13, 16, 17, 21, 23, 31, and 32 as set forth in Exhibit 1 hereto. Counsel for plaintiff, Alexis Hunley, has indicated that plaintiff will not oppose BuzzFeed's request. The excerpts reference information from a deposition earlier that day, which was marked "Confidential," as well as information from documents produced in discovery and marked "Confidential," as described in more detail below.

    The presumption of public access to judicial documents can be overcome if countervailing factors warrant confidentiality. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *see also Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978). Sealing of records may be justified to preserve "higher values," including the need to protect an entity from competitive injury. *Lugosch*, 435 F.3d at 124; *see also Tropical Sails Corp. v. Yext, Inc.*, No. 14-cv-7582, 2016 U.S. Dist. LEXIS 49029, at *10-11 (S.D.N.Y. April 12, 2016) (risk of "competitive injury is sufficiently serious to warrant protection" of proprietary business information). Thus, courts routinely permit sealing and redaction of sensitive proprietary business information. *See, e.g., Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998); *see also Nixon*, 435 U.S. at 598 (recognizing need to seal information that might "harm a litigant's competitive standing"). Moreover, "[d]ocuments that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach . . . ." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

    Here, certain discussions in the transcript concern confidential details of BuzzFeed's internal emails, policies, and business practices that are not publicly available and that exchanged during discovery pursuant to the parties' Protective Order. (Doc. No. 61). This information is competitively sensitive and proprietary information of BuzzFeed that, if disclosed, would pose a substantial risk of harm to BuzzFeed, and constitutes "Confidential" information under the Protective Order. As such, "[t]his is the sort of confidential business information that should be sealed pursuant to the parties' protective order given

66 South Pearl Street      477 Madison Avenue     2649 South Road     926 RXR Plaza
Albany, NY 12207-1534     New York, NY 10022-5843     Poughkeepsie, NY 12601-6843     Uniondale, NY 11556-0926
T 518.462.3000 F 518.462.4199     T 212.455.9555 F 212.687.9044     T 845.473.8100 F 845.473.8777     T 516.357.3000 F 516.357.3333



Hon. Katharine H. Parker, U.S.M.J.
February 25, 2022
Page 2 of 2

the low presumption of public access typically attributed to documents and information exchanged in discovery and used in connection with a discovery motion." *Nichols v. Noom Inc.*, No. 20-cv-3677 (LGS) (KHP), 2021 WL 1812201, at *3 (S.D.N.Y. May 6, 2021) (J. Parker) (granting motion to seal documents containing information concerning a party's internal communications, policies and procedures, and other data that were disclosed during discovery pursuant to a protective order).

BuzzFeed's request is narrowly tailored to protect confidential information and does not deprive the public of access to critical information. BuzzFeed respectfully request that the Court permit the requested redactions in the publicly available version of the February 10, 2022 transcript (Doc. No. 78).

We thank the Court for its time and consideration.

> Respectfully submitted,
> RIVKIN RADLER LLP
>
> *s/ Nancy A. Del Pizzo*
> Nancy A. Del Pizzo

c: Counsel of record (via ECF)

> After reviewing the proposed redactions, the Court grants Defendant's request to seal.

**APPLICATION GRANTED**

*[signature]*

Hon. Katharine H. Parker, U.S.M.J.

2/28/22

5714949.v1